# United States Court of Appeals for the Fifth Circuit

―――――――

No. 24-60128
Summary Calendar

―――――――

United States Court of Appeals
Fifth Circuit

**FILED**
September 23, 2024

Lyle W. Cayce
Clerk

Erick Benjamin Monzon-Velasquez,

*Petitioner,*

*versus*

Merrick Garland, *U.S. Attorney General,*

*Respondent.*

―――――――――――――――――

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 436 555

―――――――――――――――――

Before Wiener, Ho, and Ramirez, *Circuit Judges.*

Per Curiam:[*]

Petitioner-Appellant Erick Benjamin Monzon-Velasquez, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals (BIA) upholding the denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The BIA affirmed the immigration judge's determinations that Petitioner failed

―――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

to establish membership in a cognizable particular social group (PSG) and that, regarding the CAT, he failed to show the requisite state action in any likely torture he would suffer in Guatemala.

We review the BIA's decision, and we consider the immigration judge's decision only to the extent it influenced the BIA. *See Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). Monzon-Velasquez's proposed PSG—individuals targeted by gang members because they were university students—does not exist independently of the alleged harm. It is thus impermissibly defined in a circular manner and is not cognizable. *See Jaco v. Garland*, 24 F.4th 395, 407 (5th Cir. 2021). Because Petitioner-Appellant's claims of asylum and withholding of removal were based on the protected ground of membership in a PSG, his failure to establish a cognizable PSG renders him ineligible for those forms of relief. *See Orellana-Monson*, 685 F.3d at 522.

To obtain protection under the CAT, an applicant must demonstrate that, in the proposed country of removal, he more likely than not will suffer torture that is inflicted or instigated by, or occurs with the consent or acquiescence of, a public official or other person acting in an official capacity. *Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019). Monzon-Velasquez's testimony that the police in Guatemala did not help him after he reported an attack a month after it occurred is insufficient to satisfy his burden, as "a government's inability to protect its citizens does not amount to acquiescence." *See id.* at 229 (internal quotation marks and citation omitted). The substantial-evidence standard applies here, and here the evidence as a whole does not compel the conclusion that sufficient state action or acquiescence would be involved in any likely torture of Monzon-Velasquez in Guatemala. *See id.*; *Gonzales-Veliz v. Barr*, 938 F.3d 219, 225-26 (5th Cir. 2019).

2

No. 24-60128

The petition for review is DENIED.